UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

JOSEPH ORLICH and JEAN ORLICH,                    Civil Action No.: 2:23-cv-2452

                          Plaintiffs,                    **<u>COMPLAINT</u>**

        - against -

CHAMPLAIN ORCHARDS and DENNIS HARRIS,

                          Defendants.

-------------------------------------------------------------------------x

Plaintiffs JOSEPH ORLICH and JEAN ORLICH, by and through their attorney, Joseph S.

Fritzson, Esq., from J.S. FRITZSON LAW FIRM, P.C., for their Complaint, respectfully allege

the following:

1.  That at all times herein mentioned, Plaintiff JOSEPH ORLICH is a resident of the State of

New York, County of Nassau.

2.  That at all times herein mentioned, Plaintiff JEAN ORLICH is a resident of the State of

New York, County of Nassau.

3.  That at all times herein mentioned, Defendant CHAMPLAIN ORCHARDS is an orchard

that operates at or about 3597 Vermont Route 74 West, Shoreham, Vermont 05770.

4.  That at all times herein mentioned, Defendant DENNIS HARRIS is an employee of

Defendant CHAMPLAIN ORCHARDS and resident of Shoreham, Vermont.

5.  That at all times herein mentioned, the Court has subject matter jurisdiction over this matter

pursuant to 28 U.S.C. § 1332 because the subject matter involves citizens of different states and

the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.  That at all times herein mentioned, venue is proper before this Court under 28 U.S.C. §

1391(b) as Plaintiffs reside in this district and Defendants engage in commercial activities

available to and/or directed at residents within the district as well.

1

7.   That at all times herein mentioned, nonparty William Suhr was the owner of a 1989 Landini 100GT tractor pulling an apple trailer.

8.   That at all times herein mentioned, Defendant DENNIS HARRIS operated the 1989 Landini 100GT tractor pulling an apple trailer.

9.   That at all times herein mentioned, Defendant DENNIS HARRIS managed the 1989 Landini 100GT tractor pulling an apple trailer.

10. That at all times herein mentioned, Defendant DENNIS HARRIS maintained the 1989 Landini 100GT tractor pulling an apple trailer.

11. That at all times herein mentioned, Defendant DENNIS HARRIS controlled the 1989 Landini 100GT tractor pulling an apple trailer.

12. That at all times herein mentioned, Plaintiff JOSEPH ORLICH was the owner and operator of a 2003 Ford Escape XLT Premium bearing Vermont registration number HWD179.

13. That at all times herein mentioned, Plaintiff JEAN ORLICH was a passenger of the 2003 Ford Escape XLT Premium bearing Vermont registration number HWD179.

14. That at all times herein mentioned, Vermont Route 74 at or near its intersection with Hemenway Hill Road in the Town of Shoreham, and State of Vermont, were public roadways and/or thoroughfares.

15. That on or about October 15, 2022, Defendant DENNIS HARRIS was operating the 1989 Landini 100GT tractor pulling an apple trailer on Vermont Route 74 at or near its intersection with Hemenway Hill Road in the Town of Shoreham, and State of Vermont.

16. That on or about October 15, 2022, Plaintiff JOSEPH ORLICH was operating the 2003 Ford Escape XLT Premium on Vermont Route 74 at or near its intersection with Hemenway Hill Road in the Town of Shoreham, and State of Vermont.

17. That on or about October 15, 2022, at the aforementioned location, it was dark, no street lights were present, and the roadway was clear and free of debris.

18. That on or about October 15, 2022, at the aforementioned location, the 1989 Landini 100GT tractor operated by Defendant DENNIS HARRIS did not have appropriate rear lighting and/or reflectors and the apple trailer pulled by the tractor did not have proper rear tail lights and/or reflective markings, thereby causing Plaintiffs' vehicle to strike the apple trailer pulled by Defendant DENNIS HARRIS's vehicle.

19. That as a result of the aforesaid contact, Plaintiff JOSEPH ORLICH sustained injuries to his right foot and chest and Plaintiff JEAN ORLICH sustained injuries to her abdomen, chest, tailbone, and/or breasts.

20. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendants CHAMPLAIN ORCHARDS and DENNIS HARRIS without any fault or negligence on the part of Plaintiffs JOSEPH ORLICH and JEAN ORLICH contributing thereto.

21. That the aforesaid occurrence was caused solely and wholly, through and by reason of the negligence of Defendant DENNIS HARRIS, in his respective operation, control, care, custody, charge, supervision, management, and maintenance of his motor vehicle and/or accompanying apple trailer; In failing to keep the motor vehicle and/or accompanying apple trailer under careful, lawful, and proper control; In failing to keep a proper lookout; In failing to observe the conditions of the roadway prevailing at the time and place aforesaid; In failing to observe Plaintiff JOSEPH ORLICH's motor vehicle so as to avoid the occurrence complained of; In failing to have adequate brakes and/or braking devices of in failing to properly apply same in sufficient time so as to avoid the occurrence complained of; In failing to give Plaintiff JOSEPH ORLICH any and/or adequate and/or sufficient warning or notice of the impending occurrence by sound of horn or otherwise; In

failing to steer the motor vehicle so as to avoid the occurrence complained of; In failing to ensure that the motor vehicle and/or accompanying apple trailer possesses the proper and necessary lighting and/or illumination devices; In failing to comply with the rules of the road appertaining at the time and place aforesaid; In failing to observe and/or obey any traffic signs, signals, or devices then and there existing; In causing the motor vehicle and/or accompanying apple trailer to come into contact and collision with Plaintiff JOSEPH ORLICH's vehicle; In violating the applicable and pertinent statutes of the State of New York, including, but not limited to, the applicable and pertinent sections of the vehicle and traffic laws of the State of New York; and in failing to exercise the necessary and requisite steps to prevent the foreseeable occurrence.

22. That by reason of the foregoing, Plaintiffs JOSEPH ORLICH and JEAN ORLICH sustained severe and permanent personal injuries; Became sore, lame, and disabled; Suffered mental anguish, were confined to hospital, bed, and home and may, in the future, be so confined; Were incapacitated from attending to his usual duties and vocation and may, in the future, be so incapacitated; Will suffer a loss and/or limitation of quality and enjoyment of life; and Plaintiffs were otherwise damaged.

23. That Plaintiffs JOSEPH ORLICH and JEAN ORLICH sustained serious injuries as defined by Subdivision d of §5102 of the Insurance Law of the State of New York.

24. That Plaintiffs JOSEPH ORLICH and JEAN ORLICH sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

25. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

26. That by reason of the aforesaid, Plaintiffs JOSEPH ORLICH and JEAN ORLICH have been damaged in a sum that exceeds the jurisdictional limits of all lower courts of the State of New York.

27. Plaintiff demands a Jury Trial.

**WHEREFORE**, Plaintiffs JOSEPH ORLICH and JEAN ORLICH demand judgment against Defendants CHAMPLAIN ORCHARDS and DENNIS HARRIS herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs, interest, and disbursements of this action.

Dated: Lake Success, New York
        March 30, 2023

J.S. FRITZSON LAW FIRM, P.C.

_____
JOSEPH S. FRITZSON, ESQ.
*Attorneys for Plaintiffs*
JOSEPH ORLICH and JEAN ORLICH
1979 Marcus Avenue, Suite 210
Lake Success, New York 11042
(631) 676-7676
